# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

May 16 2019, 6:05 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Ronald J. Moore
The Moore Law Firm, LLC
Richmond, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Erik J. Bryant
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Darren Lee Walker,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 16, 2019

Court of Appeals Case No.
18A-CR-2712

Appeal from the Wayne Superior Court

The Honorable Charles K. Todd, Jr., Judge

Trial Court Cause No.
89D01-1602-F3-14

**Friedlander, Senior Judge.**

[1] Darren Lee Walker appeals the nineteen-year sentence the trial court imposed after he pleaded guilty to possession of cocaine or narcotic drug in an amount

greater than twenty-eight grams, a Level 3 felony; resisting law enforcement while using a motor vehicle, a Level 6 felony; and being an habitual offender. We affirm.

[2] In early February 2016, Richmond Police Department officers arrested two people for drug possession after they were seen leaving Walker's apartment. Both persons claimed they had purchased drugs from Walker. The officers continued to monitor Walker's apartment.

[3] On February 12, 2016, Officer James Mastriano and several other officers saw a woman enter Walker's apartment. They believed the woman was Camella Baker, for whom there was an active arrest warrant in connection with dealing in narcotics. Four police officers approached Walker's front door to talk with Walker, while Officer Mastriano and another officer went to the back door.

[4] A short time later, Walker and the woman came out of the rear door of his apartment. Officer Mastriano approached them, identified himself as a police officer, and asked them to stop. Instead of stopping, Walker approached Officer Mastriano while he reached into his pockets. Officer Mastriano drew his weapon and ordered Walker to remove his hands from his pockets. Walker complied.

[5] Next, the officer approached Walker and conducted a pat down for weapons. He noticed a large, clear plastic baggie hanging out of one of Walker's pants pockets. Officer Mastriano saw an off-white substance in the bag and believed it to be cocaine. He placed Walker in custody and seized the baggie. The

contents of the bag were tested, and the results showed that the bag contained over thirty-three grams of cocaine.

[6] On February 18, 2016, the State charged Walker with possession of cocaine or narcotic drug in an amount greater than twenty-eight grams, a Level 3 felony. The State further alleged that Walker was an habitual offender. On October 10, 2016, Walker posted bond and was released from jail.

[7] On May 15, 2017, Walker filed a motion to suppress, claiming the State did not have probable cause or reasonable suspicion to detain and search him. The trial court held a hearing and later denied the motion.

[8] Meanwhile, on June 25, 2017, a police officer stopped a vehicle being driven by Walker after the officer observed a traffic violation. Walker initially stopped but subsequently fled in his vehicle. An officer chased Walker with lights and sirens activated, but Walker continued to flee. He eventually stopped and was taken into custody.

[9] On March 8, 2018, the State filed an amended information, charging Walker with resisting law enforcement while using a motor vehicle, a Level 6 felony. On April 30, 2018, the parties filed a proposed plea agreement with the trial court. During a subsequent court hearing, Walker repudiated the proposed plea agreement, and the court informed the parties that no further plea agreements would be accepted.

On July 30, 2018, Walker filed a notice of intent to plead guilty. The trial court held a hearing and determined that Walker was pleading guilty as charged without a plea agreement. The court accepted his guilty plea and sentenced Walker to serve nineteen years executed. This appeal followed.

Walker argues that his sentence is inappropriate in light of the nature of the offenses and his character. He asks the Court to reduce his sentence to sixteen years, with eight years suspended to probation.

Article VII, section six of the Indiana Constitution authorizes this Court to review and revise a defendant's sentence in criminal cases. This authority is implemented through Indiana Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender."

An appellant bears the burden of proving that a sentence meets the inappropriateness standard. *Childress v. State*, 848 N.E.2d 1073 (Ind. 2006). Whether we regard a sentence as appropriate at the end of the day turns on our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case. *Cardwell v. State*, 895 N.E.2d 1219 (Ind. 2008). In reviewing the defendant's sentence, the question is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *Mateo v. State*, 981 N.E.2d 59 (Ind. Ct. App. 2012), *trans. denied*.

[14] At the time Walker committed his offenses, the advisory sentence for a Level 3 felony was nine years, with a minimum sentence of three years and a maximum sentence of sixteen years. Ind. Code § 35-50-2-5 (2014). In addition, the advisory sentence for a Level 6 felony was one year, with a minimum sentence of six months and a maximum sentence of two and a half years. Ind. Code § 35-50-2-7 (2014). Finally, as for the habitual offender sentencing enhancement, a person convicted of murder or a Level 1 through Level 4 felony could be sentenced to an additional fixed term of between six and twenty years. Ind. Code § 35-50-2-8 (2015).

[15] The trial court sentenced Walker to nine years for Level 3 felony possession of cocaine, enhanced by nine years due to the habitual offender enhancement. The court further sentenced him to one year for Level 6 felony resisting law enforcement. In addition, the court ordered Walker to serve his sentences consecutively, for a total sentence of nineteen years. His sentence is well short of the potential maximum of twenty-eight and a half years.

[16] Turning to the nature of the offenses, Walker was found to have thirty-three grams of cocaine on his person, an amount well above the twenty-eight-gram minimum for a Level 3 felony. Officer Mastriano testified that most of the controlled drug buys in Richmond are for amounts ranging from one-half gram to one gram, so Walker possessed a comparatively large quantity of cocaine. In addition, it is troubling that Walker committed felony resisting law enforcement while out on bail.

[17] As for Walker's character, he was thirty-five years old at sentencing, and he has a substantial criminal record. The habitual offender enhancement was based on prior felony convictions for dealing in cocaine, a Class B felony, and battery and/or intimidation, both Class C felonies. He has other prior felony convictions for Class B felony dealing in cocaine and Class D felony failure to appear. In addition, Walker has accrued five misdemeanor convictions of driving while suspended.

[18] Walker was on parole when he was initially arrested in this case. He has been placed on probation in the past and has twice violated the terms of probation. His failure to comply with the terms of parole, probation, and bail demonstrates that he has refused to take advantage of alternatives to incarceration.

[19] By his own admission, Walker has not held a steady job since he was in high school. He has instead earned money by collecting and selling scrap. Walker has seven children, and he pays court-ordered child support for only two of them. Walker claims he "is capable of . . . productive reentry into the community." Appellant's Br. p. 12. His lengthy criminal record, in conjunction with his poor work history, demonstrates an unwillingness to reform. He has failed to persuade us that his sentence is inappropriate.

[20] For the reasons stated above, we affirm the judgment of the trial court.

[21] Affirmed.

Vaidik, C.J., and Baker, J., concur.